Cutts v. Brainerd et al.

---

EDWARD CUTTS *v.* LAWRENCE BRAINERD, JOHN G. SMITH AND JOSEPH CLARK.

*Railroad. Common Carrier. Contract. Receipt.*

Where a railroad company received a box of goods for transportation, directed to a place beyond the *terminus* of its own road, and gave therefor a receipt as follows:

"VERMONT CENTRAL RAILROAD COMPANY,
Burlington, September 13, 1866.

" Mark, and Numbers.                  Received from W. R. Lewis,
W. R. Lewis,                                    1 Box, weight 350.
Brooklyn, Iowa.

"Numbered and marked as above, which the company promises to forward by its railroad, and deliver to           or order, at its depot in           he or they fi st paying freight for the same, at the rate customary per ton of 2000 pounds. N. B. If merchandize be not called for on its arrival, it will be stored at the risk and expense of the owner.           G. S. APPLETON, for the corporation."

Cutts *v.* Brainord et al.

it was *held* to constitute a contract between the parties that the defendants, being common carriers, would carry said box to its destination, Brooklyn, Iowa. BARRETT, J., dissenting to the extent that the receipt does not import or tend to show an undertaking on the part of the defendants to transport the box beyond the *terminus* of their road; and holding that it is a contract thus to transport the box, and that at such *terminus* it would be the duty of the defendants to make delivery or disposition of the box for its transit onward according to the established rules and usages of the business in that behalf at that point.

THIS was an action of assumpsit before the recorder's court of the city of Burlington, and came into the county court by appeal. Plea, the general issue. Trial by jury, April term, 1869, PIERPOINT, C. J., presiding.

On the trial of the cause in the county court, it was admitted by the defendants that they were common carriers of goods and chattels, operating and managing the Vermont Central and Vermont & Canada Railroads in 1866, and at the time the goods in question were received for transportation by them; that G. S. Appleton was the authorized freight agent of the defendants in charge of their business at Burlington, Vermont, at said time, and as such agent, received the goods in question for transportation, and gave to the plaintiff the paper as stated in the *syllabus*, which the plaintiff introduced in evidence.

The ownership and value of the goods was proved, and it was proved that the box was never received by said Lewis or Cutts, or any one in their behalf, and that they had made diligent inquiry and search for it. No freight was paid on it. There were some questions of evidence raised as to whether there was a special verbal undertaking as to the carriage of said goods, not material to be stated.

It was stipulated that if the plaintiff was entitled to recover upon the evidence as admitted, he should have judgment in the supreme court for the sum of $167.65, with interest. The court directed a verdict for the defendants, to which the plaintiff excepted.

*Lawrence & Burnap*, for the plaintiff, maintained that the evidence makes a *prima facie* case upon a special undertaking to carry through. *Mann et al.* v. *Birchard et al.*, 40 Vt., 326; *Morse* v. *Brainerd et al.*, 41 Vt., 550; *Britnell* v. *S. & W. R. R. Co.*,

32 Vt., 665 ; *Ills. Cen. R. R. Co.* v. *Thomas Johnson,* 34 Ills., 389; *Ills. Cen. R. R. Co.* v. *Copeland,* 24 Ills., 332 ; *H. G. Angell & Co.* v. *M. & M. R. Co.,* 9 Iowa, 487 ; *Muschamp* v. *Lancaster R. R. Co.,* 8 M. & W., 423.

*E. J. Phelps* and *Dewey, Noble & Smith,* for the defendants.

The declaration alleges that the defendants received the goods in question upon a contract to carry them to Brooklyn, Iowa. The only evidence adduced in support of the declaration is the paper referred to in the exceptions. The paper does not in terms contain any such agreement, and if one can be implied from it in any manner, it must be by holding that the receipt of goods, marked for a particular destination, by a common carrier, binds him to deliver the goods at that destination, though he does not profess or hold himself out to be a carrier to that point. While this is undoubtedly the English rule, the courts of this state have uniformly refused to adopt it, and it can no longer be considered an open question. *Mann & Wheeler* v. *Birchard & Page,* 40 Vt., 326 ; *Britnall* v. *S. & W. R. R. Co.,* 32 Vt., 665 ; *Morse* v. *Brainerd et al.,* 41 Vt., 550 ; *Far. & Mech. Bk.* v. *Ch. T. Co.,* 23 Vt., 186 ; *Converse* v. *Norwich & N. Y. T. Co.,* 33 Conn., 66 ; *Nutting* v. *Conn. R. R. Co.,* 1 Gray, 502.

The opinion of the court was delivered by

BARRETT, J.　A majority of the court are of opinion that the receipt in this case, of itself, constitutes a contract between the parties that the defendants, being common carriers, would carry said box to its destination—Brooklyn, Iowa—as per the marks thereon. As giving such character and effect to the paper, much importance is attached to the fact that the blanks were left unfilled. This effect given to the receipt renders it needless to consider the question, very much discussed in the argument, whether railroad companies, as common carriers, are *prima facie* bound to carry and deliver freight beyond the limits of their own respective roads, by the fact merely of receiving packages marked and destined to points beyond such limits.

I concur with my associates to the extent that the liability of the

defendants in this instance is fixed, as by a special contract, by said receipt. But in my opinion that receipt does not import or tend to show an undertaking on the part of the defendants to transport the box beyond the terminus of their road, in the line of transportation from Burlington to the place of its ultimate destination. I think it is a contract thus to transport it, and that at such terminus it would be the duty of the defendants to make delivery or disposition of the box for its transit onward according to the established rules and usages of the business in that behalf at that point.

Pursuant to the opinion of the majority of the court, the judgment is reversed, and judgment is rendered for the plaintiff for the sum stipulated.